IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORDIRO BROWN, <br><br> Plaintiff, <br><br> v. <br><br> M. ADAMS, PHILLIP MCCRACKEN, RICHARD COON, and PEMALE BEHR, <br><br> Defendants. | Civil Action No. 19-638 <br> Magistrate Judge Maureen P. Kelly <br><br><br> Re: ECF No. 14 |

## ORDER

Cordiro Brown, ("Plaintiff"), has been granted leave to proceed in forma pauperis, ECF No. 2, and his pro se prisoner civil rights Complaint has been filed, ECF No. 8. In the Order, granting Plaintiff's IFP Motion (the "IFP Order"), the Court noted that Plaintiff had acquired three strikes but that he had alleged exposure to second hand smoke and pursuant to case law from the United States Court of Appeals for the Third Circuit, such exposure could come within the narrow exception for three strikes, which requires allegations of imminent danger of serious physical injury. Gibbs v. Cross, 160 F.3d 962 (3d Cir. 2001). In the IFP Order, the Court stated that after service, the Defendants could challenge the factual allegations of Plaintiff and whether Plaintiff actually comes within the imminent danger exception. As noted, it is the Court that makes this determination, not a jury. If the Court determines that Plaintiff does not come within the exception, the IFP Order could then be vacated.

On August 9, 2019, Plaintiff filed a "Motion to Amend In Forma Pauperis Order" in which he made two distinct claims. First, Plaintiff claimed that the IFP Order erred in counting Brown v. Green, No. 487-cv-2018 (M.D. Pa.) as a strike. Secondly, Plaintiff claimed that the

prison authorities erred in deducting money from his account and requested a delay in having to pay the filing fees piecemeal as required even if granted IFP. We will address each claim in order.

Plaintiff first alleges that we erred in counting Brown v. Green, No. 487-cv-2018 (M.D. Pa.) as a strike. We are unpersuaded.

The United States Court of Appeals for the Third Circuit set out a bright line rule for what qualifies as a strike. In Byrd v. Shannon, 715 F.3d 117 (3d Cir. 2013), the Court of Appeals held:

> Thus, we adopt the following rule: a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim" or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Moreover, not only must a court do so, it must do so correctly. See, e.g., Millhouse v. Heath, 866 F.3d 152, 154 (3d Cir. 2017) ("Because the District Court explicitly and correctly concluded that Millhouse's complaint revealed an immunity defense on its face and dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Doe qualifies as a strike.").

We find that the dismissal of Plaintiff's civil action in Brown v. Green, No. 487-cv-2018 by the United States District Court for the Middle District of Pennsylvania meets these tests. First, the District Court granted the Motion to Dismiss for Failure to state a claim upon which relief could be granted, under Fed. R. Civ. P. 12(b)(6), that was filed by the defendants in Brown v. Green wherein they asserted the defense of res judicata. The District Court did so because it found that Plaintiff's suit was barred by res judicata. We attach hereto a copy of the District Court's Memorandum as Appendix I. The Memorandum makes clear that the Middle District in

2

Brown v. Green, No. 487-cv-2018, granted the Defendants' Motion to Dismiss that had been filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and that the civil action was entirely dismissed with prejudice for failure to state a claim upon which relief could be granted.

Moreover, not only did the Middle District expressly dismiss the Complaint in Brown v. Green for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice, it did so correctly. Baxter v. Corrections Corp. of Am., 3-15-0205, 2015 WL 3397772, at *2 (M.D. Tenn. May 26, 2015) ("Because the instant case is barred by the doctrine of res judicata, it fails to state a claim on which relief may be granted .... For these reasons, not only should the instant case be dismissed with prejudice, dismissal of the instant case should count as a 'strike' under § 1915(g)."). A dismissal of a Complaint because it is barred by res judicata is properly dismissed for failure to state a claim upon which relief can be granted and, such a dismissal constitutes a "strike." Walker v. Page, 59 F. App'x 896, 900 (7th Cir. 2003) (case squarely barred by res judicata counts as strike under § 1915(g)); Higgins v. Carpenter, 258 F.3d 797, 801 (8th Cir. 2001) (prior cases dismissed as barred by res judicata qualified as strikes); Burke v. St. Louis City Jails, 603 F. App'x 525 (8th Cir. 2015) (affirming the portion of the district court's decision determining that the plaintiff had acquired three qualifying strikes when one of the cases the district court cited was dismissed on res judicata grounds); Harmon v. Webster, 263 F. App'x 844, 846 (11th Cir. 2008) (affirming the district court's determination that its dismissal on res judicata grounds should count as a strike for purposes of § 1915(g)). Hence, Brown v. Green surely constitutes a strike and indeed, Plaintiff's third strike.

Moreover, we reject, as legally unfounded, Plaintiff's contention that because he has appealed the District Court's dismissal of his case in Brown v. Green, that the pendency of the appeal prevents this Court from counting the Middle District's dismissal as a strike. This argument has been made to, and, rejected by the United States Court of Appeals for the Third Circuit. Parker v. Montgomery County Correctional Facility, 870 F.3d 144 (3d Cir. 2017) (holding that the pendency of an appeal from the district Court's dismissal which counted as a third strike did indeed prevent the now three struck prisoner from proceeding in forma pauperis on appeal from the third strike).

Accordingly, Brown v. Green, No. 487-cv-2018 (M.D. Pa.) counts as a strike and thus, contrary to Plaintiff's assertion in his pending Motion, Plaintiff has indeed accumulated three strikes and, so, contrary to Plaintiff's contention, if the Court determines that Plaintiff does not come within the imminent danger exception, the Order granting his IFP Motion could indeed be vacated and he could be required to pay the entire filing fee or face dismissal. Hence, his Motion to Amend the In Forma Pauperis Order is **DENIED** to the extent that it sought to have this Court conclude that Brown v. Green does not constitute a strike.[1]

---

[1] We note one issue. On May 17, 2019, the Clerk of the United States Court of Appeals for the Third Circuit issued a Clerk's Order granting Plaintiff's IFP Motion on appeal in Brown v. Green, No. 19-1670 (3d Cir.) which was an appeal from the dismissal in Brown v. Green, No. 487-cv-2018 (M.D. Pa.). We cannot tell from that Clerk's Order, whether the Clerk determined that Plaintiff did not have three strikes at the time of the filing of the notice of appeal, which was March 29, 2019, or whether, if he had three strikes, he came within the imminent danger exception or whether the question of three strikes was even considered. It is clear that the assessment of how many strikes a prisoner has, must be made as of the time of the filing of the notice of appeal. Millhouse v. Heath, 866 F.3d 158 -59. At the time of the filing of the notice of appeal, i.e., March 29, 2019, the District Court in Brown v. Green, had already dismissed the case for failure to state a claim upon which relief could be granted. However, Plaintiff had filed a motion for reconsideration, on March 4, 2019. Brown v. Green, No. 487-cv-2018 (M.D. Pa. ECF No. 45). On April 1, 2019, the Clerk of the Third Circuit issued an order staying the appeal in the Third Circuit until the motion for reconsideration was decided by the District Court.
(... footnote continued)

Plaintiff's second complaint is that the prison authorities violated this Court's IFP Order by deducting money from his account when he had less than $10.00 in his inmate trust account. We are unpersuaded. Plaintiff attached a copy of his monthly account statement showing that on August 2, 2019, $5.01 was deducted from his inmate account when there was a negative 35 cents balance in the account. The description of the deduction was "Legal Fees (in Forma Pauperis)." ECF No. 14-1. We are not persuaded that this deduction was for this case or pursuant to any order issued by this Court.

First, we note that deductions by Inmate Account Officers for federal filing fees paid to District Courts indicate the civil case number for the case in which the fee is being paid. See 14-1 at 1 (entry of July 16, 2019). No such description was made on the fee Plaintiff is challenging herein. Secondly, no payment for this case has been received by the Clerk's Office. Furthermore, we take judicial notice that Plaintiff has filed a nearly identical motion in the United States Court of Appeals for the Third Circuit, alleging that the Inmate Accounting Officer

---

Thereafter, as noted above, the Third Circuit Clerk, on May 17, 2019 issued the order granting Plaintiff's IFP Motion on appeal. It is not clear from this timeline of events whether the Third Circuit Clerk determined on May 3, 2019, when granting Plaintiff's IFP Motion on Appeal, that as of the filing of the Notice of Appeal on March 29, 2019, Plaintiff did not have three strikes at that time because the pendency of the motion for reconsideration in the District Court barred consideration of the dismissal as not-yet a strike or, whether such dismissal did not count as a strike regardless of the pendency of the motion for reconsideration, or whether the Clerk determined that Plaintiff fell within the imminent danger exception at the time of the filing of the notice of appeal or whether the Clerk even considered these questions. Given the ambiguity of the Clerk's Order granting IFP on appeal, we do not consider that this Court is precluded from finding that Plaintiff has three strikes and that Brown v. Green, No. 487-cv-2018 (M.D. Pa.) counts as one of those strikes. Even if the Clerk's Order had determined that Plaintiff did not have three strikes, we are not sure that a Clerk's Order constitutes mandatory authority for this Court barring it from determining otherwise. Cf. In re Grand Jury Investigation, 445 F.3d 266, 276 (3d Cir. 2006) ("Under this court's Internal Operating Procedures ('IOPs'), NPOs 'are not regarded as precedents that bind the court because they do not circulate to the full court before filing.' 3d Cir. IOP 5.7 (July 1, 2002). *A fortiori*, they are not precedents for the district courts of this circuit.").

5

is not complying with the Third Circuit's order assessing the PLRA payments and asserting the very same deduction made on August 2, 2019 which he complains about herein is being erroneously deducted from his account in violation of the Third Circuit Court's Order. Brown v. Green, No. 19-245 (3d Cir. Motion filed 8/9/2019). Plaintiff's nearly identical motion filed in the Third Circuit is attached hereto as Appendix II. Plaintiff cannot have it both ways. Accordingly, Plaintiff has not shown, as is his burden, the fee deduction of which he complains was pursuant to this Court's Order granting his IFP Motion or for this case.

Plaintiff's request that the fees in this case be commenced only after January 1, 2020 is **DENIED**. Fees will be deducted in accordance with the statutory requirements of the Prison Litigation Reform Act which direct payments to be made simultaneously for multiple suits and not sequentially. Bruce v. Samuels, __ U.S. __, 136 S. Ct. 627 (2016), *abrogating,* Siluk v. Merwin, 783 F.3d 421 (3d Cir. 2015).

Accordingly, Plaintiff's Motion, ECF No. 14, is **DENIED.**

SO ORDERED this 3rd day of September, 2019.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: CORDIRO BROWN
6 Morris Street
Portsmouth, VA 23707

Raymond Cordiro Brown
LT6439
SCI-Mercer
801 Butler Pike
Mercer, PA 16137