# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORDIRO BROWN, | ) |
| | ) |
| | ) Civil Action No. 19-638 |
| Plaintiff, | ) District Judge Joy Flowers Conti |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 5 |
| M. ADAMS, PHILLIP MCCRACKEN, | ) |
| RICHARD COON, and PEMALE BEHR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Cordiro Brown ("Plaintiff"), an inmate incarcerated at State Correctional Institution Mercer ("SCI Mercer"), filed this pro se prisoner civil rights action arising out of allegations that is being harmfully exposed to tobacco smoke. ECF No. 13. Presently before the Court is Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order ("Motion for Preliminary Injunction") and Brief in Support, ECF Nos. 5 and 6, and Defendants' Brief in Opposition, ECF No. 30. For the reasons set forth below, this Motion is denied.

Plaintiff filed the instant Motion for Preliminary Injunction and supporting brief on July 19, 2019. ECF Nos. 5 and 6. Plaintiff claims that he is suffering physical and mental injuries arising out of his exposure to unreasonably high levels of tobacco smoke. ECF No. 6 at 1-3. He further alleges that Defendants permit tobacco to be used and sold at SCI Mercer, resulting in Plaintiff's continued exposure and placing him at "imminent risk of irreparable injur[ies]." Id. at 3. Plaintiff requests that the Court issue an injunction and "take action" with respect to his alleged exposure, although he does not identify what specific action the Court should take. An injunction is in the public interest, he argues, because it will reduce medical costs for treating

Plaintiff's physical and mental injuries, and Defendants will suffer no harm from such an injunction. Id.

In response, Defendants argue that Plaintiff improperly seeks to litigate the merits of his underlying claim through this Motion, which is not the purpose of a preliminary injunction. ECF No. 30 at 4. Defendants further argue that a preliminary injunction is improper here because Plaintiff cannot show a reasonable probability of success on the merits. Id. In particular, they argue that Plaintiff cannot bring this claim because he has not exhausted his administrative remedies. In addition, all Pennsylvania Department of Corrections' ("DOC") buildings have been tobacco free since 2008. Id. Beginning on July 1, 2019, all DOC buildings and facilities are tobacco free and misconducts are issued to inmates that violate this policy. Id. Inmates no longer have access to tobacco, and therefore there is no ongoing concern related to tobacco smoke. Defendants further argue that an injunction would cause more harm to the non-moving party, because strong efforts have already been made to prevent smoking, and additional enforcement efforts are not feasible.

Preliminary injunctive relief is an extraordinary remedy and should issue only in limited circumstances. Four factors inform a court's decision as to the issuance of a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will suffer irreparable harm if denied relief; (3) whether the requested relief will cause greater harm to the nonmovant; and (4) whether an injunction would be in the public interest. Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012). The first two factors are "most critical" to the court's analysis, and the movant cannot succeed if either of these two factors are not established. Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017). If these first two "gateway factors" are met, the court

considers the remaining factors and determines whether all four factors, on balance, weigh in favor of granting the requested preliminary relief. Id.

In assessing the second factor, a court may not grant preliminary injunctive relief unless the plaintiff can show "immediate irreparable injury," which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). Additionally, "the claimed injury cannot merely be possible, speculative, or remote." Dice v. Clinicorp, Inc., 887 F. Supp. 803, 809 (W.D. Pa. 1995). Thus, an injunction shall not be issued "simply to eliminate a possibility of a remote future injury." Acierno v. New Castle Cty., 40 F.3d 645, 655 (3d Cir. 1994) (quoting Cont'l Group, Inc. v. Amoco Chemicals Corp., 614 F.2d 351 (3d Cir. 1980)).

Upon review, Plaintiff does not satisfy the requirements for granting injunctive relief. He does not demonstrate a likelihood of immediate, irreparable injury if the Court does not grant relief, because tobacco use already is not permitted at SCI Mercer. ECF No. 28-2 at 51. Inmates are not allowed to purchase or possess tobacco products, and these products are confiscated as contraband if found. Id. at 49 and 51. Because Plaintiff cannot establish one of the "gateway factors," the instant Motion lacks merit and no further analysis is necessary. See Reilly, 858 F.3d at 179. Accordingly, Plaintiff's Motion for Preliminary Injunction is denied.

WHEREFORE, it is hereby ORDERED that Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order, ECF No. 5, is denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street,

Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

SO ORDERED this 29th day of January, 2020.

BY THE COURT:

*/s/ Maureen P. Kelly*

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: CORDIRO BROWN
LT-6439
6 Morris Street
Portsmouth, VA 23707

Raymond Cordiro Brown
LT6439
SCI-Mercer
801 Butler Pike
Mercer, PA 16137

All counsel of record via CM/ECF.