IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORDIRO BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-638 |
| | ) | District Judge Joy Flowers Conti |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| M.ADAMS, PHILLIP MCCRACKEN, | ) | Re: ECF No. 78 |
| RICHARD COON, and PEMALE BEHR, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

Presently before the Court is Plaintiff Cordiro Brown's Motion for Reconsideration, ECF No. 78, relative to the Memorandum Order issued by this Court on January 29, 2020, ECF No. 76, denying Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order (the "Motion for Preliminary Injunction"). In the Motion for Preliminary Injunction, ECF No. 5, Plaintiff alleged that he was suffering physical and mental injuries due to "poor and unsafe living conditions of daily ETS" and exposure to high levels of smoke at the State Correctional Institution at Mercer ("SCI Mercer"). ECF No. 5 at 1. These same allegations were repeated in Plaintiff's Brief and Reply. ECF Nos. 6 and 38.

In the Memorandum Order, this Court reviewed the record in the context of the requirements for the granting of injunctive relief and found that Plaintiff had not demonstrated a likelihood of immediate, irreparable injury because tobacco use is already not permitted at SCI Mercer and inmates are not allowed to purchase or possess tobacco products. Further, if those products are found, they are confiscated as contraband. ECF No. 76 at 3. Thus, the Court held

that because Plaintiff could not establish the requisite element of immediate, irreparable harm, a preliminary injunction was not warranted.

In his two-page Motion for Reconsideration, Plaintiff asserts a number of grounds for reconsideration. First, he contends that the Court was "unaware of new/ evidence" in his filing at ECF No. 38. ECF No. 78 at 1. Second, he argues that the Court made a clear error of law and facts. Id. Third, Plaintiff claims that reconsideration is needed to prevent a manifest injustice. Id. at 1-2.

The United States Court of Appeals for the Third Circuit has plainly stated that "[t]he scope of a motion for reconsideration … is extremely limited," Blystone v. Horn, 664 F. 3d 397, 415 (3d Cir. 2011), and its purpose "is to correct manifest errors of law or fact or newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F. 2d 906, 909 (3d Cir. 1985). Accordingly, a motion to alter or amend "must rely one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration should not be used to relitigate or "rehash" issues the court already decided, or ask the court to rethink a decision it, rightly or wrongly, already made. Williams v. City of Pittsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998); Keyes v. Nat'l R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).

Upon review of the instant Motion for Reconsideration, the Court finds that Plaintiff has failed to establish any one of the requisite grounds to warrant reconsideration as required by the Third Circuit. First, Plaintiff has not alleged any intervening change in law. Second, Plaintiff has not proffered any new evidence, previously unavailable. Instead, he repeats the same

arguments and evidence previously considered by this Court. Third, Plaintiff has not established a clear error of law. Fourth, Plaintiff has failed to establish any manifest injustice. As such, reconsideration of the Memorandum Order, ECF No. 76, is not warranted.

AND NOW, this 19th day of March, 2020, it is HEREBY ORDERED that Plaintiff's Motion for Reconsideration, ECF No. 78 is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE