IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CORDIRO RAYMOND BROWN**, | ) CIVIL ACTION NO.  19-638 |
| Plaintiff, | ) SENIOR JUDGE JOY FLOWERS CONTI |
| vs. | ) |
| **MELINDA ADAMS, SCI Mercer Superintendent, PHILLIP MCCRACKEN, SCI Mercer Security Cpt., and OVA PAMALIA BEHER,** | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

### I.   Introduction

Plaintiff Cordiro Brown ("Brown") commenced this prisoner civil rights suit by filing a complaint on May 31, 2019. (ECF No. 1.) Brown filed a motion to proceed *in forma pauperis* on July 10, 2019, (ECF No. 4), which was granted. (ECF No. 7.) The case was referred to a United States Magistrate Judge for pretrial proceedings, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

### II.   Background

Brown, an inmate at SCI Mercer, asserts a claim for violation of his rights guaranteed by the Eighth Amendment to the United States Constitution, arising out of his alleged exposure to high levels of environmental tobacco smoke ("ETS"). Brown suffers from asthma and contends that exposure to ETS puts him at risk of death or chronic disease. Brown alleges in his complaint that the defendants, SCI Mercer Superintendent Melinda Adams ("Adams"), Ova Behr ("Behr"),

Captain Richard Coon ("Coon"), and Lieutenant Phillip McCracken ("McCracken") (collectively "defendants") were informed about his exposure to ETS and the related health risks and took no action to protect him. (ECF No. 13 ¶ 10-12.)

On September 20, 2019, defendants filed a motion to revoke Brown's *in forma pauperis* status and dismiss the complaint for failure to exhaust administrative remedies. (ECF No. 28.) Brown filed a response on December 13, 2019, attaching a number of exhibits purported to be copies of official grievance and inmate request to staff forms submitted to the prison staff at SCI Mercer. (ECF No. 53.) On December 17, 2019, defendants filed a reply to Brown's response (ECF No. 54) and a motion for sanctions (ECF No. 55), both of which assert that the exhibits Brown submitted are fraudulent. Brown filed a cross-motion for sanctions against defendants on March 12, 2020. (ECF No. 82.) On May 28, 2020, the magistrate judge held an evidentiary hearing to address the pending motions. At the hearing, the court heard testimony from Brown, Coon, Adams, and Nicole Franz ("Franz"), grievance coordinator at SCI Mercer.

On June 11, 2020, the magistrate judge issued a report and recommendation ("R&R"), recommending that: (1) defendants' motion to revoke Brown's *in forma pauperis* status be denied; (2) defendants' motion to dismiss for failure to exhaust administrative remedies be granted; (3) Brown's motion for sanctions be denied; and (4) defendants' motion for sanctions be granted. (ECF No. 102.) The magistrate judge in the R&R found that several of the exhibits that Brown submitted to the court in response to defendants' motion to dismiss were fraudulent. The magistrate judge, therefore, did not consider those documents with respect to defendants' motion to dismiss. After concluding that Brown submitted fraudulent documents to the court, the magistrate judge recommended that defendants' motion for sanctions be granted and Brown's claim be dismissed with prejudice.

On June 30, 2020, Brown filed his objections to the R&R. (ECF No. 103.) In his objections, Brown argues that the magistrate judge incorrectly concluded that he submitted fraudulent documents to the court. Defendants did not object to the R&R. After filing his objections to the R&R, Brown filed a motion to voluntarily dismiss this case, pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 107.) On October 22, 2020, Brown filed a motion for a hearing on his objections to the R&R. (ECF No. 106.) The motion was referred to the magistrate judge. On November 5, 2021, Brown filed a motion for dismissal under Federal Rule of Civil Procedure 41. (ECF No. 107.) The motion was referred to the magistrate judge.

On January 21, 2021, this court withdrew the referrals with respect to the motion for a hearing and the motion for dismissal for the undersigned judge to resolve the motions in this opinion.

Brown's objections having been fully briefed are now ripe for disposition.

### III.     Standard of Review

When objections to a report and recommendation have been filed, under 28 U.S.C. § 636(b)(1), the court must make a *de novo* determination of those portions of the report to which objections are made. See <u>Sample v. Diecks</u>, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636.

### IV.     Discussion

#### A.  Fraudulent Documents Related to Defendants' Motion to Dismiss

In their motion to dismiss, defendants argue that Brown failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915 ("PLRA"), because he did not identify defendants in his original grievance, Grievance No.

804737, and did not appeal his grievance to final review before initiating this action. (ECF No. 28.) In his response to defendants' motion to dismiss, Brown submitted a purported copy of Grievance No. 804737, the second page of which identifies defendants by name. (ECF No. 53-3 at 1.) Brown also submitted to the court a purported inmate request to staff form, which appears to confirm that prison staff received the second page of Grievance No. 804737. (ECF No. 53-3 at 2.) Defendants replied that the original copy of Grievance No. 804737 consisted of only a single page and that Brown fabricated the purported second page of the grievance and the related request to staff form.

Brown also asserts that he was precluded from using the grievance process at SCI Mercer and was consequently unable to fully exhaust Grievance No. 804737. Brown submitted to the court a number of purported inmate request to staff forms indicating that the grievance process was suspended at SCI Mercer. (ECF Nos. 53-1, 53-2.) A number of those inmate request to staff forms bear the signature of defendant Adams, Superintendent of SCI Mercer. Adams testified at the hearing that she did not respond to or sign the purported inmate request to staff forms that Brown submitted. (ECF No. 100 at 63.) Adams testified that she would never direct an inmate not to file a grievance, and that, to her knowledge, the grievance process was never suspended at SCI Mercer. (Id. at 64-65.) Defendants submitted to the court an allegedly authentic request to staff form that was submitted by Brown and signed by Adams. (ECF No.54-1 at 19.) Several portions of the allegedly authentic request to staff form appear to be identical to corresponding sections included on one of the allegedly fabricated documents. (ECF Nos. 54-1 at 19 and 53-2.) Specifically, a section of the request to staff form that was handwritten by Brown, a section containing Adams' signature, and a section containing Adams' handwritten response, appear to be identical on both the allegedly authentic and allegedly fabricated staff request forms.

4

Defendants argue that Brown fabricated the request to staff forms in order to assert a defense against defendants' motion to dismiss.

After hearing the testimony presented at the May 28, 2020 hearing, the magistrate judge concluded that Brown fabricated the purported second page of Grievance No. 804737 (ECF No. 53-3 at 1), the related inmate request to staff (ECF No. 53-3 at 2), and the purported inmate request to staff forms that appear to confirm that the grievance policy was suspended at SCI Mercer (ECF Nos. 53-1, 53-2). Brown objects to the magistrate judge's finding that he fabricated exhibits submitted to the court. In support of his objection, Brown argues that: (1) the magistrate judge did not give sufficient weight to the declarations of Caroline McIntyre, Kevin Beers, Terrance Thompson, and James Haddix; (2) the original copy of the second page of Grievance No. 804737 was misplaced due to the incompetence of prison staff; and (3) Brown could not have used a copy machine to fabricate documents because prison staff inspect documents before permitting use of a prison copy machine. Brown also directs the court to a number of markings on the exhibits to suggest that the handwriting on each grievance form is unique. (ECF No. 103.)

In his response to defendants' motion to dismiss, Brown submitted the declarations of Caroline McIntyre (ECF No. 83-1), Kevin Beers (ECF No. 72-3), Terrance Thompson (ECF No. 72-3), and James Haddix (ECF No. 72-4). Each declarant states that they observed the grievance and request to staff forms at issue in this case and saw no indication that the documents were inappropriately modified or fabricated. Testimony presented by defendants at the hearing contradicts the statements made in the declarations. Captain Coon, intelligence gathering security captain at SCI Mercer, testified that during a search of Brown's prison cell, prison staff "confiscated 15 complete or partial inmate request of staff that appeared to be altered, a blank cease communication order and an envelope that belonged to another…inmate." (ECF No. 100 at

48.) Coon testified that, based on his observation, the confiscated request to staff forms were "copied and pasted[.]" (Id.) Coon further testified that it is possible to remove a signature from a valid form, tape or paste it to a blank staff request form, and run the fabricated document through a copy machine. (Id. at 50-51.)

Brown offers no evidence to support his assertion that SCI Mercer misplaced the second page of Grievance No. 804737. To the contrary, Franz, grievance coordinator at SCI Mercer, testified that SCI Mercer maintains copies of every grievance filed by an inmate. Franz testified that the copy of Grievance No. 804737 maintained by SCI Mercer consists of only one page and does not contain a second page naming defendants. (Id. at 28.)

Brown testified at the hearing that he did not have access to a copy machine and repeats that assertion in his objections. Brown's assertion was directly contradicted by Captain Coon, who testified that Brown has access to a copy machine on the housing unit and in the library at SCI Mercer. (ECF No. 100 at 51.)

Brown's objections are directed at the magistrate judge's credibility determinations with respect to the authenticity of Brown's exhibits. It is well recognized within the Third Circuit that "[a] district court may either accept the recommendation of a magistrate judge or reject the recommendation and reach an independent conclusion after hearing testimony and viewing witnesses." Hill v. Beyer, 62 F.3d 474, 481 (3d Cir. 1995) (recognizing that the " judicial system affords deference to the finder of fact who hears the live testimony of witnesses because of the opportunity to judge the credibility of those witnesses"); see United States v. Raddatz, 447 U.S. 667, 675-682 (1980) (explaining that a district court may accept a magistrate judge's recommendation regarding witness credibility without conducting a *de novo* hearing). Upon review of the record, including the transcript of the May 28, 2020 hearing, this court agrees with

and adopts the magistrate judge's findings with respect to the fabricated second page of Grievance No. 804737 and related inmate request to staff form. Brown's objections will, therefore, be denied with respect to the purported second page of Grievance No. 804737 and the related inmate request to staff form.

V.     **Defendants' Motion for Sanctions**

Defendants assert that Brown's submission of fraudulent documents to the court warrant sanctions against Brown and request that the court dismiss his complaint with prejudice. As discussed above, the magistrate judge properly concluded that Brown submitted fraudulent documents in opposition to defendants' motion to dismiss. The magistrate judge properly applied the law governing dismissal of an action due to fraud upon the court. After applying the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1983), the magistrate judge found that all of the Poulis factors weigh in favor of dismissal and recommended that the court dismiss this action with prejudice. The only objection asserted to the relevant portion of the R&R is Brown's contention that he did not submit fraudulent documents. No other objection was made to the magistrate judge's application of the Poulis factors. Accordingly, the court will adopt the R&R with respect to defendants' motion for sanctions. Defendants' motion for sanctions will be granted and this action will be dismissed with prejudice.

VI.    **Brown's Motion for Sanctions**

Brown argues in his motion for sanctions that defendants falsely claim that Brown submitted fraudulent documents. As discussed above, this court finds that Brown submitted fraudulent documents to the court. Upon review of the record, the court finds that the magistrate judge properly concluded that there is no evidence to support Brown's allegation that defendants

7

submitted false information to the court. Accordingly, the R&R will be adopted with respect to Brown's motion for sanctions.

### VII.   Brown's Motion for Hearing

Brown requests the court to hold a hearing on his objections because after the magistrate judge held the hearing on May 28, 2020, he obtained newly discovered evidence. (ECF No. 106 at 1.) He argues that if this court held a hearing on his objections, he could present evidence to show that he properly exhausted his administrative remedies, counsel engaged in misconduct, and he did not fabricate evidence. (Id. ¶ 5.) At the hearing before the magistrate judge, Brown argued that his housing unit does not have a "no smoking" sign despite Coon's assertions that there are "no smoking" signs in the housing unit. (H.T. 5/28/2020 (ECF No. 100) at 8-9.) Coon testified at the hearing that there is a "no smoking" sign on the exterior door of each housing unit, but the interiors of the housing units do not have "no smoking" signs. (Id. at 14, 16, 18.) Brown attached to his motion an "Initial Review Response" form by SCI Mercer dated October 6, 2020, in which "C. Meure," a grievance officer, responded to Brown's grievance about Adams, Coon, and Feather being deliberately indifferent toward him with respect to "second hand smoke." (ECF No. 106-1 at 1.) C. Meure wrote to Brown that, among other things, "Your request for signs on the Unit is denied. Tobacco possession and use is a common well known [sic] rule that does not require signs on the Housing Unit." (Id.)

Brown does not explain how the "Initial Review Response" form shows that he: (1) properly exhausted his administrative remedies with respect to the claims asserted in this case; or (2) did not fabricate evidence in this case. In other words, Brown did not show that if this court held a hearing on his objections to the R&R and he presented the "Initial Review Response"

8

form, this court would have a basis upon which to reject the R&R. The motion for a hearing will, therefore, be denied as moot.[1]

### VIII. Brown's Motion for Voluntary Dismissal

"Ordinarily, a motion for voluntary dismissal without prejudice under Rule 41(a)(2) should be granted in the absence of prejudice to the opposing party." Andreozzi v. Warden McKean FCI, 828 F. App'x 141, 145 (3d Cir. 2020) (citing Estate of Ware v. Hosp. of the Univ. of Pa., 871 F. 3d 273, 285 (3d Cir. 2017)). The court may, however, deny a motion for voluntary dismissal where dismissal is not justified. Id. (denying a motion for voluntary dismissal where plaintiff cited no legal authority or factual basis to justify dismissal). Here, Brown did not provide a justification for the voluntary dismissal of this action. In addition, defendants would be prejudiced by dismissal without prejudice at this stage because the case is poised to be dismissed with prejudice because Brown submitted fraudulent documents to the court. Accordingly, Brown's motion for voluntary dismissal (ECF No. 107) will be denied.

### IX. Conclusion

For the reasons set forth above, the magistrate judge's R&R (ECF No. 102), will be adopted, as supplemented herein, as the opinion of this court. Brown's objections (ECF No. 103) to the R&R will be overruled. Defendants' Motion to Revoke *In Forma Pauperis* Status (ECF No. 28) will be denied. Defendants' Motion to Dismiss for Lack of Exhaustion (ECF No. 28) will be granted. Brown's Motion for Sanctions (ECF No. 82) will be denied. Defendants' Motion for Sanctions (ECF No. 55) will be granted. The motion for hearing (ECF No. 106) will be denied as moot. Brown's motion for voluntary dismissal (ECF No. 107) will be denied. The

---

[1] In any event, the court finds that the "Initial Review Response" form, which was authored by C. Meure and not by Coon, does not contradict Coon's testimony that "no smoking" signs were posted on the *exterior doors* of the housing units and not *within* the housing units.

10

amended complaint (ECF No. 13) will be dismissed with prejudice. The Clerk shall mark this case closed.

    An appropriate order will be entered.

                                                By the court,

Dated: January 21, 2021                      /s/ JOY FLOWERS CONTI
                                                    Joy Flowers Conti
                                                    Senior United States District Court Judge